**Jeffery W. SIMPSON, Plaintiff,**

v.

**HA–LO INDUSTRIES,
INC., Defendant.**

**No. 99–C–409.**

United States District Court,
E.D. Wisconsin.

Nov. 9, 1999.

Robert B. Corris, Robert B. Corris SC, Milwaukee, WI, for Plaintiff.

Eric H. Rumbaugh, Jesus J. Villa, Michael Best & Friedrich, Milwaukee, Alisa B. Arnoff, Scalambrino & Arnoff, Chicago, IL, for Defendant.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

Plaintiff Jeffery Simpson brought this action defendant Ha–Lo Industries, Inc. ["Ha–Lo"], alleging claims for violation of the Americans with Disabilities Act ["ADA"], tortious interference with prospective business relations, breach of contract, unjust enrichment, quantum meruit and promissory estoppel. Before the court is the defendant's motion to dismiss counts I(ADA), II (tortious interference) and V (quantum meruit) pursuant to Rule 12(b)(6), Fed.R.Civ.P. The motion will be denied.

The following facts are taken from the complaint and accepted as true for purposes of deciding Ha–Lo's motion. Mr.

Simpson has worked as a salesperson for Ha–Lo since 1995 (¶¶ 6–7). What product or service he sold is not alleged, but for three years, beginning before he came to work for Ha–Lo, he had been trying to get The Pillsbury Company ["Pillsbury"] to become a customer. (¶ 9). In the summer of 1998, Pillsbury sent Mr. Simpson a request for a proposal that led to Ha–Lo's receiving Pillsbury's business. (¶ 9). Afterwards, Ha–Lo prohibited the plaintiff from working on the Pillsbury account and threatened to fire him if he did not limit himself to "local accounts". (¶¶ 11, 17).

Ha–Lo's treatment of him was different from its treatment of a similarly situated employee (¶¶ 7–8), and it was inconsistent with the company's "account protection policy". (¶ 10). Mr. Simpson claims that he was treated differently because of his disability, a genetic bone disease that affects his appearance. (¶ 16).

The defendant seeks dismissal of the plaintiff's ADA claim to the extent it is based on events that occured while he was working for the defendant as an independent contractor. *See Aberman v. J. Abouchar & Sons, Inc.*, 160 F.3d 1148 (7th Cir.1998) (ADA's protections do not extend to independent contractors). However, the complaint does not allege that Mr. Simpson was, in fact, an independent contractor. Rather, it alleges that the company classified him as one until 1999, when it reclassified him as an employee without any change in his job duties. (¶ 6). It is possible that the plaintiff could prove facts consistent with these allegations showing that regardless of what the defendant may have called him, he was really an employee at all relevant times. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief).

Mr. Simpson alleges that if he was an independent contractor and not an employee of Ha–Lo, then it interfered with his prospective business relations with Pillsbury. He does not allege the existence of any contract or prospective contract with Pillsbury. His claim is for tortious interference with "prospective business relations". In order to prevail on such a claim, he must show "a sufficiently certain, concrete or definite prospective relationship" between himself and Pillsbury. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 1999 WL 731932, *14 (7th Cir. Sept.20, 1999). The allegations regarding the concreteness and certainty of Mr. Simpson's prospective relationship with Pillsbury are minimal. Nevertheless, it does not appear beyond a doubt that he cannot prove any set of facts to support his claim. The court will not dismiss the plaintiff's tortious interference claim at this time.

Finally, I have considered the defendant's motion to dismiss the plaintiff's claim for quantum meruit, and find it to be without merit.

Therefore, IT IS ORDERED that the defendant's motion to dismiss counts I, II and V of the plaintiff's complaint be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff shall recover of the defendant his costs in connection with this motion.